EMILY FARRIER, Appellant, v. ALBERT STANLEY FARRIER, Respondent.— Appeal by the plaintiff from an order fixing alimony *pendente lite* at fifteen dollars a week and counsel fee at $125. Order modified by increasing the alimony *pendente lite* to twenty-five dollars a week, to commence as of April 29, 1939, and the counsel fee to $150, one-half of said counsel fee to be paid within ten days after the service of a copy of the order entered hereon, and the balance on or before the day of the trial. As so modified the order is affirmed, with ten dollars costs and disbursements to the appellant. It is conceded that the defendant receives a salary of ninety dollars a week. We are of the opinion that the sums herein allowed are reasonable. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

HARRIET GOTTLIEB, Appellant, v. MAX GOLDBERG, Respondent.— On appeal by plaintiff from a resettled order permitting defendant to serve an amended answer pleading a release as a defense, in an action for damages for personal injuries, order modified by adding at the end thereof the words, " this action to retain its place on the calendar, without prejudice to the right of either party to a reasonable adjournment of the trial in the discretion of the justice calling the calendar." As so modified, the order is affirmed, without costs. Amended answer to be served within ten days from the entry of the order hereon. The defendant is entitled to interpose the amended pleading. The legal effect of the pleaded release will be determined at the trial in the light of the proofs thereon adduced. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

HENRY H. HAIRE, as Administrator with the Will Annexed of HERMAN E. WAGNER, Deceased, Respondent, v. HERMAN J. WAGNER and S. GERALDINE J. WAGNER (Sued Herein as S. GERALDINE J. HUGHES), Appellants.— Action to set aside a conveyance of real property by defendant Herman J. Wagner to S. Geraldine J. Wagner at a time when she was his affianced. Judgment reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. For the purpose of a new trial all findings of fact are reversed and the conclusions of law are disapproved. In view of the determination in *Matter of Herman E. Wagner* (*post*, p. 972), decided herewith, from which it appears that defendant Herman J. Wagner's obligation to his father's estate is $5,516.06 and not $65,070.80, as a result of which, according to the proof, it would seem that the conveyance did not leave defendant Herman J. Wagner insolvent, there must be a new trial at which any facts may be presented under the present situation. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.